# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DANIEL SCOTT STEAKIN,

        Plaintiff,

v.

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

        Defendant.

Case No. 6:24-cv-325-JRK

## **OPINION AND ORDER**[2]

### I.  Status

Daniel Scott Steakin ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "PTSD, Depression, ADHD, Dizziness, Genetic brain injury, febriculosity [sic], knee pain, [GERD], sleep apnea, fatty liver, pulmonary

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

nauseas, hypothyroidism, cholesterol, nauseas, allergies, HBP, migraines, shortness of breath, asthma, h[eart] palpitations, obesity, multiple disc[s] on back that flipped, pancreatitis, [and] pin in multiple bones." Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed April 12, 2024, at 111; see Tr. at 123, 319. Plaintiff protectively filed an application for DIB on August 1, 2022, alleging a disability onset date of February 12, 2019.[3] Tr. at 281-87. Later, the alleged onset disability date was amended to December 24, 2021. Tr. at 78; see Tr. at 423. The application was denied initially, Tr. at 123-34, 135, 166-69, and upon reconsideration, Tr. at 110, 111-22, 176-78.

On November 2, 2023, an Administrative Law Judge ("ALJ") held a hearing,[4] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 73-109. On December 12, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 25-47.[5]

---

[3] Although actually completed on August 16, 2022, see Tr. at 281, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as August 1, 2022, see, e.g., Tr. at 111, 123.

[4] The hearing was held via videoconference with Plaintiff's consent. See Tr. at 75, 234-35.

[5] The administrative transcript also includes an ALJ decision and Appeals Council denial adjudicating an earlier-filed claim for DIB. Tr. at 136-39, 146-57. Those adjudications are not at issue here.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted additional medical evidence and a brief authored by his counsel. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 16-17 (medical evidence), 278-80 (request for review), 423-25 (brief). On January 8, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On February 14, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges "[w]hether the ALJ provided adequate analysis of the medical source opinions and specifically, did the ALJ adequately consider the explanations offered by the medical sources." Memorandum in Support of Plaintiff (Doc. No. 15; "Pl.'s Mem."), filed May 28, 2024, at 17. On June 12, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Amended) (Doc. No. 19; "Def.'s Mem.") addressing the issue. Then, on July 9, 2024, Plaintiff's Memorandum in Reply (Doc. No. 20; "Reply") was filed.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for the reasons explained below.

## II. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 27-47. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 24, 2019, the amended onset date."[7] Tr. at 27

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

[7] The ALJ erroneously stated that Plaintiff's attorney had amended the alleged onset date to December 24, 2019, instead of 2021. Tr. at 25, 27; see Tr. at 423.

(emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: post-traumatic stress disorder (PTSD), anxiety, mild cognitive impairment with memory loss, right shoulder interstitial tear and joint arthrosis, history of lumbar spine disorder, obesity, history of traumatic brain injury, headaches, and tachycardia." Tr. at 27 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 31 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except occasional push/pull of hand controls with the right upper extremities; occasional overhead reaching with the right upper extremity and frequent reach other directions with the right upper extremity; occasional climbing ramps/stairs, balancing, stooping, kneeling, crouching and crawling; and no climbing ropes, ladders, or scaffolds; no work around hazards including unprotected heights, moving mechanical parts, and operating motorized vehicles; [Plaintiff] is limited to unskilled work only with simple tasks and simple decision making with an average production paced quota with goal oriented work but no fast paced assembly-line work; no limitation on amount of contact with others but all interactions in a static non-confrontational environment with n[o] conflict resolution, arbitration, or negotiating and with infrequent changes in work tasks for low stress.

Tr. at 33-34 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Police Officer," a "Security Guard," and a "Traffic Control Signaler." Tr. at 45-46 (some emphasis and citation omitted). The ALJ then proceeded to step five. After considering Plaintiff's age ("a younger individual age 18-49"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff can] perform," such as "Garment Sorter," "Fruit Cutter," and "Housekeeping Cleaner." Tr. at 46-47 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from February 12, 2019, through the date of th[e D]ecision."[8] Tr. at 47 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)

---

[8] This ultimate finding relied upon the original alleged onset date, rather than the amended one.

(quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff argues the ALJ erred in assessing the medical opinion evidence, focusing on opinions from treating psychologists Lisa Webb, Ph.D. and Kenith Robins, Ph.D.; treating nurse practitioner Michael Lomonaco, DNP, APRN, FNP-C; and Department of Veteran's Affairs ("VA") evaluating psychologist Christina Jones, Psy.D. See Pl.'s Mem. at 17-25; Reply at 1-7. According to Plaintiff, the ALJ did not fully address the required factors in evaluating the first three opinions and the ALJ's findings are undermined by the evidence,

particularly the fluctuation of symptoms. See Pl.'s Mem. at 17-24. As to the fourth opinion, that of Dr. Jones, Plaintiff contends the ALJ failed to address it altogether. See id. at 24-25. Responding, Defendant argues the ALJ properly analyzed the first three opinions and complied with applicable regulations. Def.'s Mem. at 5-14. As to Dr. Jones, Defendant contends her evaluation findings do not constitute an "opinion" as defined in the Regulations. Id. at 14-16.

As explained below, the undersigned finds the ALJ erred in failing to evaluate the findings of Dr. Jones that indeed constitute an "opinion" as defined by the Regulations. The matter must be reversed and remanded for consideration of this opinion in the first instance. Because Dr. Jones's opinion is largely consistent with the other medical opinions at issue here, the Administration's analysis of those opinions could be affected on remand. Thus, if appropriate, the remaining opinions at issue should also be reconsidered on remand.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about

what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). Particularly regarding the mental demands of work activities, "medical opinions are about" matters "such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[9] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior

---

[9] Plaintiff filed his application after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

- 9 -

precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[10]

---

[10] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

Here, Dr. Jones examined Plaintiff on May 6, 2021 via "video telehealth" at the request of the VA in connection with Plaintiff's request for VA benefits. Tr. at 982-86. Plaintiff argues—and Defendant does not dispute—that the ALJ failed altogether to address the examination findings of Dr. Jones. Defendant argues, however, that the ALJ did not err because Dr. Jones's findings do not qualify as a "medial opinion" as defined by the SSA. Def.'s Mem. at 14-15. According to Defendant, Dr. Jones did not "assess[] Plaintiff's ability to perform the physical or mental demands of work activity," but instead relied on "subjective allegations and even clinical observations." Id.

The undersigned finds that Dr. Jones's findings qualify as a medical opinion, and the ALJ erred by failing to address the opinion. First, Dr. Jones did not merely rely on subjective allegations or clinical observations. Dr. Jones's report indicates she reviewed the "VA e-folder," and the "VA electronic health record," as well as "conduct[ing] a thorough psychosocial evaluation." Tr. at 983. In the report, Dr. Jones provided details on matters "such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see Tr. at 982-86. According to Dr. Jones, as a result of the PTSD, Plaintiff suffers the following symptoms, among others: "[m]ild memory loss, such as forgetting names, directions or recent events"; "[i]mpaired judgment"; "[d]isturbances in

motivation and mood"; "[d]ifficulty in establishing and maintaining effective work and social relationships"; "[d]ifficulty adapting to stressful circumstances, including work or a work like setting"; "[o]bsessional rituals which interfere with routine activities"; "[i]mpaired impulse control"; and "[i]ntermittent inability to perform activities of daily living." Tr. at 985. These findings qualify the report as a medical opinion under the Regulations. Thus, the ALJ was required to at least explain how the consistency and supportability factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). But, the ALJ did not provide any such analysis, frustrating judicial review.

In sum, the matter must be remanded for consideration of Dr. Jones's opinion.

### V.     Conclusion

In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Consider Dr. Jones's opinion in accordance with applicable regulations;

(B)     If necessary, reconsider the opinions of Dr. Webb, Dr. Robins, and Mr. Lomonaco; and

(C)   Take such other action as may be necessary to resolve this claim properly.

2.   The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 7, 2025.

                                                                    *James R. Klindt*
                                                                    JAMES R. KLINDT
                                                                    United States Magistrate Judge

kaw
Copies:
Counsel of Record